UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL HOWARD,<br><br>                       Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>                       Defendant. | Case No.:  24cv2099-LL-MMP<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**<br><br>[ECF No. 14] |

       On February 20, 2025, Strategic Legal Practices, APC, ("Counsel") filed a motion for leave to withdraw as counsel of record for Plaintiff April Howard ("Howard"). ECF No. 14 ("Motion"). No opposition has been filed. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1).

       Counsel attests that "a complete and irreparable breakdown of the attorney-client relationship has occurred that has made it unreasonably difficult for [Counsel] to carry out the representation effectively." ECF No. 14 at 7. Counsel further attests that they made numerous attempts—including eleven phone calls and four emails—to communicate with Plaintiff since December 26, 2024 without success. *Id.*

/ / /

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). Courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

The Court finds Counsel's claims are valid reasons for withdrawal. Howard's cessation of communication with Counsel since late December 2024 has made it unreasonably difficult for Counsel to carry out the representation effectively. *See Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants failing to pay legal fees and refusing to communicate with counsel). Because there are no immediately scheduled hearings and this case is in the early stage of litigation, there is no danger of prejudice to other litigants, harm to the administration of justice, or undue delay. *See Gurvey*, 2010 WL 2756944, at *1. The Court finds it is appropriate for Counsel to

withdraw as counsel for Howard because the relevant considerations weigh in their favor. Additionally, Counsel has met the requirements of Civil Local Rule 83.3(f) by including a declaration regarding service of the Motion on Howard and adverse parties and a certificate of service. ECF No. 14 at 7–10.

Accordingly, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Plaintiff April Howard as follows:

1. On or before **March 14, 2025**, Counsel shall (1) serve a copy of this Order on Howard and file proof of service with the Court and (2) inform Howard of the contents of this Order by phone and email and submit a declaration of having done so.

2. Howard may obtain other counsel or proceed pro se (without counsel). On or before **April 4, 2025**, Howard shall do one of the following: (1) Howard's new counsel shall file a notice of appearance, or (2) Howard shall file a notice of her intent to proceed pro se and inform the Court and opposing parties of her current address pursuant to Civil Local Rule 83.11(b). A failure to comply with this Order may result in dismissal of this action for failure to follow a court order or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: March 3, 2025

_____
Honorable Linda Lopez
United States District Judge