UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL HOWARD,<br><br>  Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>  Defendant. | Case No.: 24cv2099-LL-MMP<br><br>**ORDER DISMISSING CASE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)** |

On March 3, 2025, the Court granted Strategic Legal Practices's ("Counsel") Motion to Withdraw as Counsel of Record for Plaintiff April Howard and ordered Counsel and Ms. Howard to take certain actions. ECF No. 16. Specifically, the Court ordered Ms. Howard to complete one of the following actions on or before April 4, 2025: (1) file notice of her intent to proceed pro se and inform the Court and opposing parties of her current address pursuant to Civil Local Rule 83.11(b) or (2) Ms. Howard's new counsel shall file a notice of appearance. ECF No. 16 at 3. The Court warned that a failure to comply with the Order may result in dismissal of this action for failure to follow a court order or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Ms. Howard and any potential new counsel failed to complete either action.

/ / /

On May 5, 2025, the Court issued an Order to Show Cause directed to Ms. Howard to respond in writing by May 19, 2025 why this matter should not be dismissed for failure to follow a court order. The Court again warned that failure to timely respond to the Order by filing a response on the docket would result in dismissal of this lawsuit pursuant to Federal Rule of Civil Procedure 41(b). The deadline passed more than two weeks ago, and no response has been filed.

In the Ninth Circuit, "in order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), s*uperseded by statute on other grounds as recognized in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

The Court finds the factors weigh in favor of dismissal. Ms. Howard's inaction prevents the case from moving forward. Dismissal would further the public's interest in expeditious resolution of litigation and the Court's need to manage its docket when the alternative is halting proceedings while waiting on Ms. Howard to respond to the Court. Defendants are prejudiced by Ms. Howard's silence, which unreasonably delays this case. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted) (finding there is a presumption of prejudice to defendants when a plaintiff unreasonably delays the prosecution of the case). Although public policy favors disposition of cases on their merits, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Finally, the Court warned Ms. Howard twice that a failure to comply with the Court's orders would result in dismissal, which satisfies the fifth factor regarding less drastic alternatives. *See id.* at 1229 ("Warning that failure to obey a court order will result in

/ / /

1  dismissal can itself meet the 'consideration of alternatives' requirement." (citation
2  omitted)).

3        Accordingly, the Court **DISMISSES** this action with prejudice pursuant to Federal
4  Rule of Civil Procedure 41(b) for failure to comply with a court order. Fed. R. Civ. P. 41(b)
5  ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and
6  any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or
7  failure to join a party under Rule 19—operates as an adjudication on the merits."). The
8  Clerk of Court shall enter judgment and close this case.

9        The Clerk of Court shall also mail a copy of this Order to Ms. Howard at the address
10 provided by her former counsel in the proof of service dated March 14, 2025. *See*
11 ECF No. 17 at 7.

12       **IT IS SO ORDERED.**

13 Dated:  June 6, 2025

                                                                           Honorable Linda Lopez
                                                                           United States District Judge